JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GILES DUANE SPELLMAN, | No.    CV 15-507 PA |
| Debtor, | OPINION ON APPEAL FROM BANKRUPTCY COURT |
| Bradley R. Kirk & Associates, Inc., | |
| Appellant, | Bankruptcy Case No. 2:12-bk-19871-WB |
| v. | |
| Giles Duane Spellman, | |
| Appellee. | |

Before the Court is an appeal filed by Bradley R. Kirk & Associates ("Kirk").  Kirk challenges an order issued on January 2, 2015, by the Bankruptcy Court sustaining in part and denying in part the Objection to Claim filed by debtor Giles Duane Spellman ("Spellman").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

**I.      Background**

Spellman is the beneficiary of a trust established by his now-deceased grandfather, Giles J. Spellman ("Giles Sr.").  That trust contains spendthrift provisions limiting Spellman's ability to spend the trust proceeds until he turns 35 in November 2017. (Excerpts of Record ("ER") 791.)  In 2006, members of Spellman's family initiated probate

1   litigation challenging the Giles Sr. trust's receipt of a bequest from another relative. (ER

2   436.) Spellman eventually retained Kirk to represent him in the probate matter and signed

3   two agreements with Kirk, one dated May 9, 2007, and the second dated June 11, 2007. (ER

4   697-704.) The second agreement provided that Kirk would receive a contingency fee of

5   33% of all amounts and property Spellman eventually received from the Giles Sr. trust. (ER

6   701.)

7        The probate dispute was settled in September 2009. (ER 245.) As part of that

8   settlement, Kirk sought to remove the spendthrift provision from the Giles Sr. trust. (ER

9   245, 332.) Spellman claims that it was at this point in 2009 that he first learned that Kirk

10  would claim 33% of the proceeds of the trust, and that with the removal of the spendthrift

11  provision, approximately $200,000 in legal fees would be due immediately. (ER 245.)

12  Spellman objected to this arrangement and soon after informed Kirk that Spellman no longer

13  wished for Kirk to represent him. (ER 245-46.) Kirk initiated a fee arbitration through the

14  California Bar in November 2009, but the Bar eventually dismissed that arbitration because

15  the probate matter remained unresolved. (ER 246.) Kirk filed a lawsuit against Spellman in

16  December 2009 to collect his unpaid fees. (Id.)

17       At around the time Spellman's relationship with Kirk unraveled, a new trustee was

18  appointed as trustee of the Giles Sr. trust. (ER 791.) Despite having been told by Spellman

19  that he no longer wished for Kirk to represent him, Kirk continued working on the probate

20  matter and eventually submitted an Ex Parte Application in August 2010 seeking court

21  approval of the settlement and removal of the spendthrift provision. (ER 247.) The probate

22  court granted the application. (ER 267-68.) Kirk and Spellman then participated in a fee

23  arbitration conducted by JAMS in December 2010. (ER 247.) Spellman was represented by

24  an attorney during the arbitration proceeding. (Id.) The arbitrator, a retired superior court

25  judge, found in favor of Kirk and awarded him 33% of the Giles Sr. estate. (ER 360-68.)

26       In January 2011, the trustee successfully sought the probate court's approval to set

27  aside the removal of the spendthrift trust provision that Kirk had obtained. (ER 791.)

28  Among the reasons cited by the probate court for setting aside the removal of the spendthrift

1  provision were:  (1) Kirk had not notified the trustee prior to presenting the request to

2  modify the Giles Sr. trust; (2) at the time Kirk sought the modification, he had already

3  initiated the collection action against Spellman and therefore had a conflict of interest with

4  his client; and (3) the removal of the spendthrift provision was contrary to Spellman's

5  wishes.  (ER 799-801.)

6       Kirk petitioned the Orange County Superior Court to confirm the arbitration award.

7  In March 2011, the Orange County Superior Court granted Kirk's petition and entered a

8  Judgment confirming the arbitrator's award and ordering Spellman to pay Kirk $214,447.88.

9  (ER 140-41.)

10      Spellman filed a Chapter 13 bankruptcy petition on March 20, 2012.  (ER 001.)  Kirk

11  filed a Proof of Claim on July 12, 2012, seeking the $214,447.88 awarded by the arbitrator,

12  plus interest, and an Amended Proof of Claim seeking the same amount.  (ER 026-29 &

13  033-36.)  Spellman filed an Objection to Proof of Claim challenging Kirk's entitlement to

14  his claim and contending that the amount of the Judgment confirming the arbitration award

15  exceeded the reasonable value of the services provided by Kirk.  (ER 040-41.)  The

16  Bankruptcy Court eventually conducted a trial on Kirk's Proof of Claim in September 2014,

17  and announced its ruling at a hearing on December 2, 2014.  (ER 744-57.)

18      The Bankruptcy Court concluded that principles of res judicata and claim preclusion

19  did not apply to the Judgment confirming the arbitration award, and that instead, 11 U.S.C. §

20  502(b)(4), allowed the Bankruptcy Court to determine the reasonable value of the legal

21  services provided by Kirk and confirm only that amount as an allowable claim against

22  Spellman.  (Id.)  In reviewing Kirk's claim, and applying a Lodestar to determine the

23  reasonable value of Kirk's legal services, the Bankruptcy Court allowed $43,875 of Kirk's

24  claim and rejected the balance of the claim.  (ER 749.)  The Bankruptcy Court issued an

25  Order on Objections to Claim on January 2, 2015, allowing Kirk an unsecured claim of

26  $43,875.  (ER 758-59.)  Kirk filed a Notice of Appeal challenging that order on January 16,

27

28

2015.  (ER 920-26.)  The Bankruptcy Court entered an Order Confirming Spellman's

Chapter 13 Plan on January 13, 2015.  (ER 917-19.)[1/]

**II.   Jurisdiction**

      This Court possesses appellate jurisdiction over the Bankruptcy Court's final order

determining an objection to a claim.  28 U.S.C. § 158(a); In re Garner, 246 B.R. 617, 619

(B.A.P. 9th Cir. 2000); see also In re Condor Systems, Inc., 125 F. App'x 797, 799 (9th Cir.

2005).

**III.   Standard of Review**

      The Bankruptcy Court's ruling on an objection to a claim may raise legal or factual

issues.  In re Allen, 472 B.R. 559, 564 (B.A.P. 9th Cir. 2012).  The Bankruptcy Court's legal

conclusions are reviewed de novo and factual findings are reviewed for clear error.  Id.  "A

court's factual determination is clearly erroneous if it is illogical, implausible, or without

support in the record."  In re Retz, 606 F.3d 1189, 1196 (9th Cir. 2010).  The Bankruptcy

Court's decision may be affirmed on any ground finding support in the record.  Elliott v.

Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 135, 1364 (9th Cir. 1992).

**IV.   Discussion**

      Kirk contends that the Bankruptcy Court erred when it applied 11 U.S.C. § 502(b)(4)

to reduce his attorneys' fees from those awarded in the arbitration proceeding and confirmed

by the Orange County Superior Court, to the "reasonable value" of those services.  Instead,

according to Kirk, the Orange County Superior Court's Judgment confirming the arbitration

award was entitled to full faith and credit pursuant to 28 U.S.C. § 1738.

      Under the Bankruptcy Code, when a party objects to a claim, the Bankruptcy Court,

"after notice and a hearing, shall determine the amount of such claim in lawful currency of

the United States as of the date of the petition, and shall allow such claim in such amount,

except to the extent that . . . if such a claim is for services of an insider or attorney of the

---

[1/]     According to the Bankruptcy Court's Docket, Kirk has filed a Notice of Appeal of the
Order Confirming Chapter 13 Plan.  (Docket No. 110 in Case No. 2:12-bk-19871-WB.)
That appeal was not briefed in this appeal and is not currently before the Court.

1    debtor, such claim exceeds the reasonable value of such services."  11 U.S.C. § 502(b)(4).

2    In reaching its legal determination that § 502(b)(4) required it to reduce Kirk's attorneys'

3    fees to the "reasonable value" of those services, the Bankruptcy Court relied on the decision

4    of the United States Bankruptcy Court for the Eastern District of California in In re Siller,

5    427 B.R. 872 (Bankr. E.D. Cal. 2010).  (ER 747.)

6         In In re Siller, which presents a nearly indistinguishable legal dispute to that posed

7    here, the Bankruptcy Court concluded that § 502(b)(4) "preempts state law to the extent that

8    state law permits claims on account of prepetition services rendered by an insider or attorney

9    for a debtor to exceed the reasonable value of services."  Id. at 883.  The Bankruptcy Court

10   therefore rejected the claimant's argument that its Judgment confirming a fee arbitration

11   award was entitled to full faith and credit under 28 U.S.C. § 1738.

12        The Bankruptcy Court's decision refusing to enforce the state court Judgment as

13   preclusive of the amount of fees owed to the attorney in In re Siller was appealed to the

14   United States District Court for the Eastern District of California.  The District Court

15   reversed the Bankruptcy Court's decision and concluded that the state court Judgment

16   confirming the arbitration award of attorneys' fees was preclusive of the "reasonable value"

17   of the attorney's services.  See Cotchett, Pitre & McCarthy v. Siller, Nos. CIV S-10-0779

18   KJM & CIV S-10-0780 KJM, 2012 WL 1657620, at *17 (E.D. Cal. May 10, 2012) ("By

19   considering both the reasonable nature of the contingent fee contracts and rejecting the claim

20   that the contracts were unconscionable, and applying California's tests for both

21   determinations, the arbitrator necessarily decided that the fees were reasonable within the

22   contemplation of § 502(b)(4).").

23        As did the District Court in Cotchett, this Court concludes that because there is a

24   Judgment affirming the arbitration award of the amount of attorneys' fees, the debtor is

25   precluded from relitigating the reasonableness of the amount of that award.  The Court

26   additionally concludes that, at least where there is a state court Judgment establishing the

27   amount of attorneys' fees, § 502(b)(4) does not allow a Bankruptcy Court to ignore that

28   Judgment.  Instead, 28 U.S.C. § 1738 requires that such a judgment be accorded the

1   Bankruptcy Court's full faith and credit. "Since the confirmation of a private arbitration

2   award by a state court has the status of a judgment, federal courts must, as a matter of full

3   faith and credit, afford the confirmation the same preclusive consequences as would occur in

4   state court." In re Khaligh, 338 B.R. 817, 824 (B.A.P. 9th Cir. 2006).

5        A federal court is required under 28 U.S.C. § 1738 to look to the preclusion law of

6   the state court that rendered the earlier judgment or judgments to determine whether

7   subsequent federal litigation is precluded. See 28 U.S.C. § 1738 ("Acts, records, and

8   judicial proceedings" of "any State . . . of the United States . . . shall have the same full faith

9   and credit in every court within the United States . . . as they have by law or usage in the

10  courts of such State . . . from which they are taken."). Under this statute, a federal court

11  "must give to a state-court judgment the same preclusive effect as would be given that

12  judgment under the law of the State in which the judgment was rendered." Migra v. Warren

13  City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81, 104 S. Ct. 892, 896, 79 L. Ed. 2d 56 (1984); see

14  also White v. City of Pasadena, 671 F.3d 918, 926 (9th Cir. 2012). In determining the

15  preclusive effect of a state administrative decision or a state court judgment, federal courts

16  follow the state's rules of preclusion. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 482,

17  102 S. Ct. 1883, 1898, 72 L. Ed. 2d 262 (1982). "The preclusive effect of a judgment is

18  defined by claim preclusion and issue preclusion, which are collectively referred to as 'res

19  judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155

20  (2008).

21       In California, "a final judgment precludes further proceedings if they are based on the

22  same cause of action." Maldonado v. Harris, 370 F.3d 945, 952 (9th Cir. 2004). California

23  law defines a "cause of action" for purposes of the res judicata doctrine by analyzing the

24  primary right at stake. "That concept 'is indivisible: the violation of a single primary right

25  gives rise to but a single cause of action.'" San Diego Police Officers' Ass'n v. San Diego

26  City Emps. Ret. Sys., 568 F.3d 725, 734 (quoting Crowley v. Katleman, 8 Cal. 4th 666, 681,

27  34 Cal. Rptr. 2d 386, 395 (1994)). That is, "if two actions involve the same injury to the

28  plaintiff and the same wrong by the defendant then the same primary right is at stake even if

1   in the second suit the plaintiff pleads different theories of recovery, seeks different forms of

2   relief and/or adds new facts supporting recovery." Id. (quoting Eichman v. Fotomat Corp.,

3   147 Cal. App. 3d 1170, 1174, 197 Cal. Rptr. 612, 614 (1983)).  In conducting a primary

4   rights analysis, "[w]hat is critical to the analysis 'is the harm suffered; that the same facts are

5   involved in both suits is not conclusive.'"  Id. (quoting Agarwal v. Johnson, 25 Cal. 3d 932,

6   954, 160 Cal. Rptr. 141, 155 (1970)).

7           Under California's claim preclusion doctrine "'a valid, final judgment on the merits

8   precludes parties or their privies from relitigating the same 'cause of action' in a subsequent

9   suit.'"  Id. (quoting Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 110 Cal. App.4th

10  1161, 1169, 2 Cal. Rptr.3d 408, 415 (2003)).  "Thus three requirements have to be met:  (1)

11  the second lawsuit must involve the same "cause of action" as the first one, (2) there must

12  have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded

13  must itself have been a party, or in privity with a party, to that first lawsuit."  Id.

14          The Court concludes that, applying these principles, the Orange County Superior

15  Court's Judgment confirming the arbitration award is entitled to full faith and credit

16  notwithstanding § 502(b)(4).  Based on this de novo legal review, the Bankruptcy Court's

17  order on the claim objection must be reversed.

18          Although Kirk also challenges the Bankruptcy Court's factual findings concerning

19  the reasonable value of his services, this Court concludes that those findings are not clearly

20  erroneous.  Like the Bankruptcy Court, this Court is troubled by Kirk's conduct.  However,

21  the mandates of 28 U.S.C. § 1738 require this Court to accord the Orange County Superior

22  Court's Judgment confirming the arbitration award with full faith and credit.  As a result,

23  even if this Court might have reached a different conclusion than did the arbitrator, this

24  Court is nevertheless bound by that Judgment.

25  . . . .

26  . . . .

27  . . . .

28  . . . .

1

<u>**Conclusion**</u>

2          For all of the foregoing reasons, the Court reverses the Bankruptcy Court's order on

3     the objection to Kirk's claim.

4          IT IS SO ORDERED.

5      DATED:  September 17, 2015

6                                                                    _____

7                                                                         Percy Anderson
                                                                     UNITED STATES DISTRICT JUDGE
8      cc:  **Bankruptcy Court**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28